UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> 1. MARCIO COSTA, <br> 2. JOAO PEDRO MARQUES GAMA, <br> 3. EDSON DASILVA, <br> 4. BRENO HENRIQUE DASILVA, <br> 5. ALVARO DOS SANTOS MELO, <br> 6. VINICIUS GONCALVES DE ASSIS, and <br> 7. IGOR COSTA, <br>              Defendants | Criminal No. 19CR10190 <br><br> Violations: <br><br> Count One: Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity <br> (18 U.S.C. § 1962(d)) <br><br> Count Two: Conspiracy to Commit Robbery <br> (18 U.S.C. § 1951) <br><br> Count Three: Hobbs Act Robbery <br> (18 U.S.C. § 1951) <br><br> Count Four: Conspiracy to Distribute Cocaine and Over 28 Grams of Cocaine Base <br> (21 U.S.C. §§ 846 & 841(b)(1)(B)(iii)) <br><br> Count Five: Engaging in the Business of Dealing in Firearms Without a License <br> (18 U.S.C. §§ 922(a)(1)(A) & 2) <br><br> Count Six: Alien in Possession of Firearms <br> (18 U.S.C. § 922(g)(5)) <br><br> RICO Forfeiture Allegation: <br> (18 U.S.C. § 1963(a)) <br><br> Drug Forfeiture Allegation: <br> (21 U.S.C. § 853) <br><br> Firearm Forfeiture Allegation: <br> (18 U.S.C. § 924(d); 28 U.S.C. § 2461(c)) |

INDICTMENT

1

COUNT ONE
Conspiracy to Conduct Enterprise Affairs Through A Pattern Of Racketeering Activity
(18 U.S.C. § 1962(d))

The Grand Jury charges:

**The Enterprise**

At various times material to this indictment:

1. Primeiro Comando da Massachusetts, also known as "PCM," was a criminal organization, composed primarily of Brazilian immigrants. PCM had members and operated in communities throughout the District of Massachusetts, including Somerville, Revere, Malden, Everett, Medford, Brockton, Framingham, Maynard, Abington, Boston, and Plymouth and also operated outside Massachusetts. PCM has been operating in Massachusetts since approximately 2017.

2. In addition to having members and associates, PCM had a leadership structure which included a leader, organizers, soldiers, and lookouts.

3. Members and associates of PCM use common hand signs to denote membership in the organization. Members of PCM also have distinctive gang-related tattoos, including a flower with one or more dollar signs in the flower. Members of PCM have also placed the initials "PCM" on weapons including a baseball bat.

4. PCM had ongoing conflicts with other gangs, including other Central and South American gangs. Members of PCM committed acts of violence to protect the name, reputation, and status of PCM and its members from rival gang members or other persons.

5. The leaders, members, and associates of PCM engaged in, among other things, acts involving murder, robbery, conspiracy to distribute drugs (including cocaine, cocaine base,

marijuana and MDMA), and distribution of drugs (including cocaine, cocaine base, marijuana and MDMA). At all relevant times, PCM operated in the District of Massachusetts and elsewhere.

6. Defendants MARCIO COSTA, JOAO PEDRO MARQUES GAMA, EDSON DASILVA, BRENO HENRIQUE DASILVA, ALVARO DOS SANTOS MELO, VINICIUS GONCALVES DE ASSIS, and IGOR COSTA (collectively "Defendants"), and others known and unknown to the Grand Jury, were leaders, members and associates of PCM.

7. PCM, including its leaders, members, and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4) (hereinafter "PCM" or the "Enterprise"), that is, a group of individuals associated in fact. PCM constituted an ongoing organization whose leaders, members, and associates functioned as a continuing unit for the common purpose of achieving the objectives of the Enterprise. PCM was engaged in, and its activities affected, interstate and foreign commerce.

## Purposes of the Enterprise

8. The purposes of the Enterprise included the following:

   a. Enriching the leaders, members, and associates of PCM through drug trafficking, robbery, and the illegal sale of firearms.

   b. Preserving, protecting, and expanding the power of PCM through the use of robberies, intimidation, violence, threats of violence, assaults, and attempted murders.

   c. Promoting and enhancing PCM and the criminal activities of its leaders, members, and associates.

   d. Protecting the leaders, members, and associates of PCM from attacks by rival criminal organizations (including rival street gangs) and investigation by law enforcement

through acts of violence and intimidation, including attempted murders, assaults, and threats of violence.

## The Means and Methods of The Enterprise

9. Among the means and methods by which Defendants and their associates conducted and participated in the conduct of the affairs of the Enterprise were the following:

   a. Leaders, members, and associates of the PCM enterprise used PCM to commit, attempt, and threaten to commit, acts of violence, including murder, kidnapping, and assault, to protect and expand PCM's criminal operations, including targeting rival gang members for murder and assault, as well as intimidating potential witnesses to PCM's illegal activities.

   b. Leaders, members, and associates of PCM used PCM to promote a climate of fear through violence and threats of violence in order to intimidate potential rivals to PCM and its illegal activities, and to intimidate potential witnesses to PCM's illegal activities.

   c. Leaders, members, and associates of PCM distributed and conspired to distribute controlled substances, including cocaine, cocaine base, MDMA, and marijuana, in the District of Massachusetts, and elsewhere, which affected interstate and foreign commerce.

   d. Leaders, members, and associates of PCM possessed, carried, and used firearms. These weapons were possessed, carried, and used for various reasons, including, but not limited to: to protect PCM's narcotics and the proceeds of drug distribution; to ensure that drug distribution activities were controlled by the leaders, members, and associates of PCM; to intimidate others from attempting to steal PCM's narcotics and proceeds from drug distribution; and to ensure the personal safety of leaders, members and associates of PCM.

   e. To generate income, leaders, members, and associates of PCM committed

robberies, including armed robberies and home invasions, distributed controlled substances (including cocaine, cocaine base, marijuana, and MDMA), and illegally trafficked in firearms (including revolvers, pistols, and shotguns).

      f.      To generate income, leaders, members, and associates of PCM were entitled to conduct, and, in fact, conducted illegal activities under the protection of PCM.

### The Racketeering Conspiracy

10.      From a time unknown to the Grand Jury, and continuing to the present date, in the District of Massachusetts, and in other places presently known and unknown, the defendants,

    1.    MARCIO COSTA,
    2.    JOAO PEDRO MARQUES GAMA,
    3.    EDSON DASILVA,
    4.    BRENO HENRIQUE DASILVA,
    5.    ALVARO DOS SANTOS MELO,
    6.    VINICIUS GONCALVES DE ASSIS, and
    7.    IGOR COSTA,

and others known and unknown to the Grand Jury, being persons employed by and associated with PCM (as defined in paragraph 1), an enterprise which was engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly conspire with each other, and with other persons known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined by Title 18, United States Code, Sections 1961(1) and (5).

11.      It was part of the conspiracy that defendants each agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

## The Pattern of Racketeering

12. The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), through which MARCIO COSTA, JOAO PEDRO MARQUES GAMA, EDSON DASILVA, BRENO HENRIQUE DASILVA, ALVARO DOS SANTOS MELO, VINICIUS GONCALVES DE ASSIS, and IGOR COSTA, and their co-conspirators, known and unknown, agreed to conduct and participate in the conduct of the affairs of the enterprise PCM, consisted of:

   a. multiple offenses involving the trafficking of controlled substances, in violation of Title 21, United States Code, Sections 841 and 846;

   b. multiple acts involving murder, in violation of Massachusetts General Laws, Chapter 265, Section 16 (attempt to murder), Section 15 (assault with intent to murder), and Section 18 (armed assault with intent to murder), and in violation of Massachusetts General Laws, Chapter 274, Section 7 (conspiracy to commit murder);

   c. multiple acts involving robbery, in violation of Massachusetts General Laws, Chapter 265, Section 17 (armed robbery), and Section 19 (unarmed robbery), and in violation of Massachusetts General Laws, Chapter 274, Section 6 (attempted robbery) and Section 7 (conspiracy to rob); and

   d. multiple acts indictable under Title 18, United States Code, Section 1951 (relating to interference with commerce, robbery, and extortion).

All in violation of Title 18, United States Code, Section 1962(d).

## COUNT TWO
### Conspiracy to Commit Robbery
### (18 U.S.C. § 1951)

The Grand Jury further charges:

13. Beginning in November 2018, and continuing until on or about April 25, 2019, in Malden and Revere, in the District of Massachusetts, and elsewhere, the defendants,

1. MARCIO COSTA,
2. JOAO PEDRO MARQUES GAMA,
4. BRENO HENRIQUE DASILVA, and
5. ALVARO DOS SANTOS MELO,

did knowingly conspire with each other and other persons, known and unknown, to obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants did conspire to unlawfully take and obtain personal property, consisting of cocaine, from the persons of their intended victims and in the presence of their intended victims, against the victims' wills, by means of actual and threatened force, violence and fear of injury, immediate and future, to their persons.

All in violation of Title 18, United States Code, Section 1951.

## COUNT THREE
## Hobbs Act Robbery
## (18 U.S.C. § 1951)

The Grand Jury further charges:

14. On or about January 17, 2019, in Weymouth, in the District of Massachusetts, the defendants,

    3.    EDSON DASILVA, and
    7.    IGOR COSTA,

did knowingly obstruct, delay, and affect commerce and the movement of articles and commodities in commerce by robbery, as that term is defined in Title 18, United States Code, Section 1951, in that the defendants did unlawfully take and obtain personal property, consisting of United States currency, cigarettes, and e-cigarettes, from a person and in the presence of that person, against that person's will, by means of actual and threatened force, violence and fear of injury, immediate and future, to that person.

All in violation of Title 18, United States Code, Section 1951.

## COUNT FOUR
Conspiracy to Distribute Cocaine and 28 Grams or More of Cocaine Base
(21 U.S.C. § 846)

The Grand Jury further charges:

15. From a time unknown to the Grand Jury, but from at least in or about February 2019, and continuing until the present date, in the District of Massachusetts, and at other places presently known and unknown, the defendants,

    1. MARCIO COSTA, and
    2. JOAO PEDRO MARQUES GAMA,

conspired with each other and with other persons known and unknown to the Grand Jury, to knowingly and intentionally distribute possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

16. It is further alleged that the offense charged in Count Four involved 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii) is applicable to this Count.

17. It is further alleged that, with respect to Count Four, 28 grams or more of a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, defendants MARCIO COSTA and JOAO PEDRO MARQUES GAMA. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(iii), is applicable to defendants COSTA and GAMA.

All in violation of Title 21, United States Code, Section 846.

## COUNT FIVE
Engaging in the Business of Dealing in Firearms Without a License
(18 U.S.C. §§ 922(a)(1)(A) and 2)

The Grand Jury further charges:

18.     From a time unknown to the Grand Jury, and continuing until on or about April 25, 2019, in Somerville, Malden, and Chelsea, in the District of Massachusetts, and elsewhere, the defendants,

1. MARCIO COSTA, and
2. JOAO PEDRO MARQUES GAMA,

not being licensed importers, manufacturers, and dealers under the provisions of Chapter 44, Title 18, United States Code, did willfully engage in the business of dealing in firearms.

All in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 2.

COUNT SIX
Alien in Possession of Fireams
(18 U.S.C. § 922(g)(5))

The Grand Jury further charges:

19. On or about March 4, 2019, in Malden, in the District of Massachusetts, and elsewhere, the defendant,

2.  JOAO PEDRO MARQUES GAMA,

an alien illegally and unlawfully in the United States, did knowingly possess, in and affecting commerce, firearms, that is, a Kel-Tec, CNC Industries, model P3AT, .380 caliber semi-automatic pistol, bearing serial number JVU99; and a Ruger, model SR 45, .45 caliber semi-automatic pistol, bearing serial number 380-44557.

All in violation of Title 18, United States Code, Section 922(g)(5).

## RICO FORFEITURE ALLEGATION
(18 U.S.C. § 1963(a))

The Grand Jury further finds:

20. Upon conviction of the offense in violation of Title 18, United States Code, Section 1962, set forth in Count One of this Indictment, the defendants,

      1.    MARCIO COSTA,
      2.    JOAO PEDRO MARQUES GAMA,
      3.    EDSON DASILVA,
      4.    BRENO HENRIQUE DASILVA,
      5.    ALVARO DOS SANTOS MELO,
      6.    VINICIUS GONCALVES DE ASSIS, and
      7.    IGOR COSTA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 1963:

    a. any interest acquired or maintained in violation of Title 18, United States Code, Section 1962;

    b. any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

    c. any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of Title 18, United States Code, Section 1962.

The property to be forfeited includes, but is not limited to, a forfeiture money judgment.

21. If any of the property described in Paragraph 20, above, as being forfeitable pursuant to Title 18, United States Code, Section 1963(a), as a result of any act or omission of the defendants --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 20 above.

    All pursuant to Title 18, United States Code, Section 1963(a).

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

The Grand Jury further finds:

22. Upon conviction of the offense in violation of Title 21, United States Code, Section 846, set forth in Count Four of this Indictment, the defendants,

      1.    MARCIO COSTA, and
      2.    JOAO PEDRO MARQUES GAMA,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense. The property to be forfeited includes, but is not limited to, a forfeiture money judgment.

23. If any of the property described in Paragraph 22, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 22 above.

All pursuant to Title 21, United States Code, Section 853.

## FIREARM FORFEITURE ALLEGATION
(18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c))

The Grand Jury further finds:

24. Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 922(g)(5), set forth in Counts Five and Six of this Indictment, the defendants,

    1.    MARCIO COSTA, and
    2.    JOAO PEDRO MARQUES GAMA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), any firearm or ammunition involved in or used in any knowing commission of the offenses.

25. If any of the property described in Paragraph 24, above, as being forfeitable pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendants --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 24 above.

All pursuant to Title 18, United States Code, Section 924, and Title 28, United States Code,

Section 2461.

A TRUE BILL,

_____
FOREPERSON OF THE GRAND JURY



_____
TIMOTHY E. MORAN
MICHAEL J. CROWLEY
Assistant U.S. Attorneys


DISTRICT OF MASSACHUSETTS					June 5, 2019

Returned into the District Court by the Grand Jurors and filed.

_____
Deputy Clerk
6/5/2019
@ 2:10pm