

U.S. Department of Justice

*Andrew E. Lelling*
United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

September 18, 2020

Vivianne E. Jeruchim, Esq.
Jeruchim & Davenport, LLP
50 Congress Street, Suite 615
Boston, MA 02109

      Re:    <u>United States v. Joao Pedro Marques Gama</u>
            Criminal No. 19cr10190-PBS

Dear Ms. Jeruchim:

      The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Joao Pedro Marques Gama ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

      1.    <u>Change of Plea</u>

      Defendant will plead guilty to the Indictment charging him with: Count One – Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity in violation of 18 U.S.C. § 1962(d); Count Two – Conspiracy to Commit Robbery in violation of 18 U.S.C. § 1951; Count Four – Conspiracy to Distribute Cocaine and 28 Grams or More of Cocaine Base in violation of 21 U.S.C. § 846; Count Five – Engaging in the Business of Dealing in Firearms without a License in violation of 18 U.S.C. § 922(a)(1); and Count Six – Alien in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(5). Defendant admits that he committed the crimes specified in these counts and is in fact guilty of each one.

      Defendant admits that the conspiracy charged in Count Four involved 28 grams or more of a mixture and substance containing cocaine base and that 28 grams or more were reasonably foreseeable by, and are attributable to, Defendant.

      In exchange for Defendant's agreement to plead guilty pursuant to the terms set forth herein, the U.S. Attorney agrees to not seek additional charges, including charges pursuant to 18 U.S.C. §§ 1959 or 924(c).

2.   Penalties

Defendant faces the following mandatory minimum and maximum penalties: Count One - incarceration for up to 20 years, supervised release for up to 3 years, a fine of $ 250,000, forfeiture as charged in the Indictment, and a mandatory special assessment of $100; Count Two - incarceration for up to 20 years, supervised release for up to 3 years, a fine of $ 250,000, and a mandatory special assessment of $100; Count Four - incarceration for no less than 5 years up to 40 years, supervised release for no less than 4 years up to life, a fine of $ 5,000,000, and a mandatory special assessment of $100; Count Five - incarceration up to 5 years, supervised release for up to 3 years, a fine of $ 250,000, and a mandatory special assessment of $100; Count Six - incarceration up to 10 years, supervised release for up to 3 years, a fine of $ 250,000, and a mandatory special assessment of $100.

Defendant understands that, if he is not a United States citizen, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3.   Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 31:

   a) Defendant's total offense level is set by the firearms charges (Counts Five and Six, which are closely related counts under USSG § 3D1.2) as this offense level exceeds the other offense levels by 9 levels or more and thus the other groups do not score per USSG § 3D1.4;

   b) Defendant's offense level for the firearms charges is base offense level 18 (USSG § 2K2.1(a)(5) – the offense involved a sawed-off shotgun) +4 (USSG § 2K2.1(b)(1)(B) – the offense involved over 8 but less than 24 firearms) +4 (USSG § 2K2.1(b)(4)(B) – the offense involved a firearm with an obliterated serial number); +4 (USSG § 2K2.1(b)(5) – the defendant engaged in trafficking firearms) +4 (USSG § 2K2.1(b)(6) – the defendant transferred a firearm with reason to believe it would be transported out of the United States and/or the defendant transferred a firearm with reason to believe it would be used or possessed in connection with another felony offense); and

   c) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (himself or through counsel) indicates that he does not fully accept responsibility for the crimes he is pleading guilty to committing; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4.  Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

a) 120 months incarceration;

b) a fine within the Guidelines sentencing range as calculated by the U.S. Attorney in Paragraph 3, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 48 months of supervised release; and

d) a mandatory special assessment of $500, which Defendant must pay to the Clerk of the Court by the date of sentencing;

5.  Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that her conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) He will not challenge his conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) He will not challenge his sentence, including any court orders related to

forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence, regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that her lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in intentional misconduct serious enough to entitle Defendant to have her conviction or sentence overturned.

6. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to her criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

7. <u>Breach of Plea Agreement</u>

Defendant understands that if he breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw his guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

8. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

9. Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorneys Timothy Moran and Michael Crowley.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: s/ Glenn A. MacKinlay
GLENN A. MACKINLAY
Chief, Organized Crime and Gang Unit


/s/ Timothy E. Moran
TIMOTHY MORAN
MICHAEL CROWLEY
Assistant U.S. Attorneys

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter, or had it read to me in my native language in its entirety, and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the mandatory minimum and maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
Joao Pedro Marques Gama
Defendant

Date: OCTOBER 14, 2020

I certify that Joao Pedro Marques Gama has read this Agreement, or had it read to him in his native language in its entirety, and that we have discussed what it means. I believe Joao Pedro Marques Gama understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
Vivianne E. Jeruchim, Esq.
Attorney for Defendant

Date: 10-14-2020